**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**AMERICAN NATIONAL INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                                                                  Case No.: 3:07-cv-872-J16TEM

**CHRISTOPHER GLASS, DUSTY GLASS, DIRK GLASS and KRYSTAL GLASS,**

    **Defendants.**
_____/

## ORDER

Two of Plaintiff's motions are before the Court - a Motion to Discharge and for Attorneys' Fees (together, the "Discharge and Attorneys' Fees Motion") (Dkts. 24 and 25) and a Motion for the Court's Entry of Default Judgment Against Dusty Glass (the "Default Motion") (collectively, the "Motions"). (Dkt. 29). Defendants, Dirk Glass and Krystal Glass (collectively, the "Defendants"), proceeding *pro se*, filed identical responses in opposition (collectively, the "Response") to the Motion for Attorneys' Fees and Motion to Discharge. (Dkt. 26 and 27). Defendant, Dusty Glass failed to respond to any of the Motions.

    **I.**    **Factual and Procedural History**

Betty Jo Glass purchased two American National annuity policies - policy numbers 14514930 and 14514925 (the "Policies"), effective on July 30, 2004. Ms. Glass's sons, Dusty and Christopher Glass were the original beneficiaries under the Policies - each receiving 50% of the Policies' benefits. On January 17, 2006, American National received a Change of Beneficiary Form or Service Request Form (the "Form") purportedly adding Dusty Glass's children, the Defendants,

as beneficiaries under the Policies. Under the Form, the four named beneficiaries would each receive 25% of the Policies' benefits.

Betty Jo Glass died on February 3, 2006. Upon her death, American National paid 50% of the undisputed benefits to Christopher and Dusty Glass. Entitlement to the remaining 50% of the Policies' benefits is in dispute. The dispute caused American National to file this Interpleader Action. (Dkt. 1). The Court granted American National's request (Dkt. 5) that it be allowed to deposit the disputed funds, totaling $38,654.08, with the Registry of the Court (the "Interpleader Funds"). (Dkt. 13). The Defendants filed answers (Dkt. 16 and 17) to the Complaint. Counsel for American National informed the Court since the filing of this action, Christopher Glass died. (Dkt. 28). Before his death, Christopher Glass filed an answer to the Complaint and a cross-claim against Dusty Glass and the Defendants. (Dkt. 18). Dusty Glass failed to respond. American National filed a motion seeking the entry of Clerk's default against him. (Dkt. 29). That motion was granted and on January 3, 2008, the Clerk entered default against Dusty Glass.

## II.     Pending Motions

### A.     Discharge and Attorneys' Fees Motion

American National has maintained at all times that it has no interest in the Policies' proceeds except as a disinterested stakeholder. American National claims that it deposited the Interpleader Funds with the Court's registry in good faith after it became clear that the dispute over the Interpleader Funds would not easily be resolved. American National also claims that it is entitled to the reasonable attorneys' fees and costs it incurred as a result of filing this cause of action. American National further claims that it will attempt to procure the parties' agreement as to the amount of fees and costs it is due and it will file papers with the court documenting the amounts

allegedly due. Finally, American National asks the Court to retain jurisdiction over American National to determine the amount of attorneys' fees and costs due and asks the Court to pay those fees out of the Interpleader Funds.

The Defendants agree that American National is entitled to discharge; however, they disagree that American National is entitled to its attorneys' fees from the Interpleader Funds. (Dkt. 26 at p. 2). The Defendants claim that they should not be monetarily penalized by having American National's attorneys' fees taken from the Interpleader Funds because only Christopher Glass's unsupported claims about the Policies' benefit allocation caused this suit to be filed. The Defendants ask the Court to enter an order discharging American National, awarding attorneys' fees from Christopher Glass's portion of the Policies' benefits and releasing the Interpleader Funds to them.

Although Christopher Glass is unable to respond directly to the Discharge and Attorneys' Fee Motions, he raised some concerns about American National in his cross-claim. (Dkt. 18). Christopher Glass alleges in the cross-claim that the Form purportedly executed by Betty Jo Glass was not actually signed by her and was fraudulent. In addition, Christopher Glass claims that the Form was "ambiguous, confusing and was not properly executed, signed, witnessed and delivered and accepted by [American National] . . . . (Dkt. 18 at p. 3). In the cross-claim, Christopher Glass asks the Court for a declaratory judgment finding that the Form is invalid pursuant to the Policies and governing law.

28 U.S.C. § 2361 provides that in "any civil action of interpleader" a district court may discharge the plaintiff in interpleader from further liability, enjoin the parties from instituting further actions related to the stake, and make all other appropriate orders. "If an interpleading plaintiff has

no interest in the stake, he should be dismissed." Metropolitan Life Ins. Co. v. Foley, 2002 WL 31399787 at *4 (E.D. La., Oct. 22, 2002). Where a stakeholder does not dispute the amount in a disputed fund and is willing to deposit the funds with the court, that stakeholder is "disinterested." UNUM Life Ins. Co. of America v. Kelling, 170 F.Supp.2d 792, 794 (M.D. Tenn. 2001). In an interpleader action, the award of attorneys' fees is within a court's discretion. Under normal circumstances, a disinterested stakeholder is entitled to reasonable attorneys' fees for its role interpleader litigation. Davis v. Davis, 301 So.2d 154, 157 (Fla. 3d Dist. Ct. App. 1974). However, there are well-recognized exceptions to this general rule.

American National claims that it is disinterested because it is "not responsible for creating the conflicting claims" between the Glasses. (Dkt. 25 at p. 6). However, the cross-claim implicates American National's forms and policies as contributing to the need for this interpleader action. For example, if the Form were clear or not accepted by American National, this suit may not have been necessary. Thus, at this point, the Court cannot state unequivocally that American National is a disinterested party. See Hughes Supply, Inc. v. A.C. Electric Corp. of Lee County, 145 F.R.D. 590, 594 (M.D. Fla. 1993) (finding that in Florida a stakeholder must demonstrate total disinterest in the stake and he also must show that "he did nothing to cause the conflicting claims . . . .").

It is clear however that American National no longer has any real interest in the stake, the Policies' benefits. Thus, American National's request for discharge will be granted. American National's request for attorneys' fees will be taken under advisement. The Court will consider American National's request for attorneys' fees once it has received the proper supporting documentation.

    **B.    Default Motion**

The Clerk entered a default against Dusty Glass on January 3, 2008. In the Default Motion, American National asks the Court to enter default judgment under Fed.R.Civ. P. 55(b). Based on Dusty Glass's continued failure to respond, the Court finds that default judgment is appropriate. The Default Motion (Dkt. 29) will be granted.

### III.   Conclusion

For the reasons cited above, the Discharge and Attorneys' Fees Motion (Dkts. 24 and 25) is **GRANTED IN PART**. American National has fourteen(14) days to submit a detailed accounting of its attorneys' fees and costs to date. American National is further directed to include any information responsive to the allegations raised in the counter claim. Defendants have ten (10) days following American National's submission to file any materials in support of their argument that attorneys' fees should not be awarded or paid out of the stake. Default Motion (Dkt. 29) is **GRANTED**. The Court will enter a separate default judgment for Dusty Glass.

**DONE** and **ORDERED** from Chambers in Jacksonville, Florida on this 20th day of May 2008.

_____
JOHN H. MOORE II
United States District Judge

Copies to:  Counsel of Record